UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MIKE SCHRANK, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>CREDIT CONTROL, LLC, and LVNV FUNDING, LLC,<br><br>   Defendants. | Case No.: 14-cv-570<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wis. Stat. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Mike Schrank is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, in that he engaged in a consumer transaction. Wis. Stat. § 421.301(17).

6. Defendant Credit Control, LLC ("Credit Control") is a foreign limited liability company with its principal place of business located at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042.

7. Credit Control is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Credit Control is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Credit Control is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

9. Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company with its principal place of business located at 15 South Main St., Greenville, SC 29601.

10. LVNV is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time LVNV acquires them. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003).

11. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser*, 323 F.3d at 536, *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

12. LVNV uses third party debt collectors and attorneys to collect allegedly defaulted debts that have been assigned to LVNV.

13. A company meeting the definition of a "debt collector" under the FDCPA (here, LVNV) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its

2

attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

14. LVNV, both directly and indirectly, is a debt collector under the above arrangement. 15 U.S.C. § 1692a(6).

**FACTS**

15. On or about June 21, 2013, Credit Control mailed a debt collection letter to Plaintiff regarding an alleged debt, owed to "LVNV Funding LLC," and originally owed to "GE Money Bank." A copy of this letter is attached to this complaint as Exhibit A.

16. Upon information and belief, the alleged debt referred to in Exhibit A was incurred for personal, family or household purposes, specifically a personal credit card account with GE Money Bank.

17. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18. Upon information and belief, Exhibit A is the first written communication that Credit Control and/or LVNV sent to Plaintiff regarding the alleged debt.

19. Exhibit A states the following:

| | |
|---|---|
| Principal Balance: | $862.23 |
| Interest Balance: | $1,242.23 |
| Current Balance Due: | $2,104.46 |

20. Exhibit A misstates the amount of the debt.

3

21. Upon information and belief, the $1,242.33 "interest balance" grossly exceeds the amount of interest that GE Money Bank and/or LVNV is permitted to charge on Plaintiff's account.

22. Upon information and belief, at the time <u>Exhibit A</u> was mailed to Plaintiff, neither LVNV nor Credit Control possessed information necessary to properly determine the amount of interest or interest rate applicable to Plaintiff's alleged debt.

23. Upon information and belief, attempts to collect excessive and un-owed amounts of interest as in <u>Exhibit A</u> are tactics to get consumers to pay anything on old debts that LVNV purchased for an pennies on the dollar. *See* FTC, *The Structure and Practices of the Debt Buying Industry*, January, 2013 at 23 (available at http://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf (Average purchase price for consumer credit card debt is 4.0 cents on the dollar).

24. Further, the excessive amount of interest that Credit Control and LVNV are attempting to collect indicates that more than six years may have passed since Plaintiff's last payment on the account.

25. The statute of limitations for contract claims in Wisconsin is six years. Wis. Stat. § 893.43. Under Wisconsin law, the expiration of the statute of limitations extinguishes the debt. Wis. Stat. § 893.05 ("**Relation of statute of limitations to right and remedy.** When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy.").

26. Thus, attempts to collect a time-barred debt in Wisconsin are attempts to collect debts that no longer exist, in violation of the FDCPA and WCA. 15 U.S.C. § 1692e(2)(a); Wis. Stat. § 427.104(1)(j); *see also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir.

2014) (a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable).

27. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

29. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

30. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

## COUNT I – FDCPA

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. Exhibit A's attempt to collect an "interest balance" of $1,242.33 is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

34. $1,242.33 far exceeds the actual amount of interest that has, or could, accrue on Plaintiff's alleged debt.

35. Credit Control has violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1).

## COUNT II – FDCPA

5

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. Credit Control attempted to collect Plaintiff's and Class members' debts after the expiration of the applicable six-year statute of limitations.

38. Under Wisconsin law, a debt is extinguished after the statute of limitations has expired. Wis. Stat. § 893.05.

39. Credit Control's conduct violated 15 U.S.C. §§ 1692e(2)(a) and 1692f(1).

## COUNT III – WCA

40. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

41. Exhibit A claims, attempts, or threatens to enforce a right to an amount of interest far in excess of any amount of interest to which the creditor or its assignee would be entitled, even though Defendants knew or had reason to know, that no such right existed at the time the letter was sent.

42. Exhibit A also is attempting to collect a time-barred debt, which has been extinguished. Wis. Stat. § 895.

43. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

44. Credit Control violated Wis. Stat. § 427.104(1)(j).

## CLASS ALLEGATIONS

45. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by

6

Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) allegedly owed to LVNV Funding, LLC and originally owed to GE Money Bank or a predecessor or successor, (e) attempting to collect interest in an amount greater than permitted by the agreement between the consumer and GE Money Bank, (f) on or after May 19, 2013, (g) that was not returned by the postal service.

46. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

47. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and the WCA.

48. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

49. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

50. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

51. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 19, 2014

                      **ADEMI & O'REILLY, LLP**

               By:    /S/ John D. Blythin
                      Shpetim Ademi (SBN 1026973)
                      John D. Blythin (SBN 1046105)
                      3620 East Layton Avenue
                      Cudahy, WI 53110
                      (414) 482-8000
                      (414) 482-8001 (fax)
                      sademi@ademilaw.com
                      jblythin@ademilaw.com